# United States District Court

### DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | **Criminal Complaint** |
| v. | CASE NUMBER: 06- 143M |
| Richard DÍAZ-García | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __November 10, 2006__ in __New Castle__ County, in the District of Delaware, defendant, an alien, was found in the United States, after previously being deported to the Dominican Republic, and prior to his reembarkation at a place outside the United States neither the United States Attorney General nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to defendant's reapplying for admission to the United States

in violation of Title ___8___ United States Code, Section(s) __1326(a)__ .

I further state that I am a(n) __Special Agent, Department of Homeland Security, ICE__ and that this complaint is based
<br>Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes X

_____
Signature of Complainant
William O. Horn
Special Agent, ICE

Sworn to before me and subscribed in my presence,

__11/21/06__ at   Wilmington, DE
Date                    City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer            Signature of Judicial Officer

## AFFIDAVIT

I, William O. Horn, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Bureau of Immigration & Customs Enforcement (ICE), Dover, Delaware. I have been employed as a Special Agent since October 1, 1997, when I was employed by the Immigration and Naturalization Service (INS). The INS was transferred to the U.S. Department of Homeland Security as the Bureau of Immigration & Customs Enforcement in March 2003.

2. This investigation is based on information provided by State of Delaware government agencies, INS/ICE records, and my own observations and interviews.

3. On November 10, 2006, ICE Wilmington received notification from the New Castle County Police Department that they had an individual named Richard GARCÍA in custody, and that GARCÍA had previously been removed from the United States.

4. On November 10, 2006, your affiant spoke briefly with Richard GARCÍA at the Headquarters of the New Castle County Police Department, and advised him of his rights. He stated that he was Richard DÍAZ-García, a citizen of the Dominican Republic and that he had been removed from the United States on three previous occasions. A check of ICE databases showed that a Richard DÍAZ-García, with A-number A77 624 771, had been removed from the United States on three previous occasions. The individual in custody had used the name Richard D. GARCÍA. A detainer was lodged to ensure that the subject would come into ICE custody once released by the state of Delaware.

5. On November 20, 2006, the subject was turned over to ICE. Your affiant advised him of his rights and interviewed him at the ICE office in Dover, DE, where he advised your affiant that his true and correct name was Richard DÍAZ-García, that he is a citizen of the Dominican Republic and that he had previously been removed from the United States three times. When asked, he stated that he had been removed from the United States in 2000, 2002 and 2004. He stated that he had not requested or obtained permission to reapply for admission to the United States.

6. Richard DÍAZ-García admitted that he had pled guilty in Delaware on March 29, 1999 to Possession with Intent to Distribute Cocaine and Resisting Arrest. He was sentenced to six months' incarceration on each of those charges, both suspended for probation. On October 10, 2002, the conviction order was corrected to read "Possession of Cocaine."

7. On November 20, 2006, Richard DÍAZ-García was fingerprinted on an Integrated Automated Fingerprint Identification System (IAFIS) machine, and those fingerprints matched those of Richard D. GARCÍA, born in the Dominican Republic, A77 624 771, FBI Number 212479JB0. That record is in the name of Richard D. GARCÍA, and references Richard DÍAZ-García as an alias.

8. Your affiant has reviewed the alien file, A77 624 771, relating to Richard DÍAZ-García, and found that the file contains three executed Forms I-205, showing that Richard DÍAZ-García was

removed from the United States to the Dominican Republic on February 24, 2000 from Baltimore, MD, December 04, 2002 from Alexandria, LA, and on May 03, 2004 from Opa Locka, FL. In addition, there were at least two other encounters, when he was a stowaway and was deported, according to Immigration database records. At one time, another A-file, A74 010 878, was created, in the name Jorge DÍAZ, and materials from the file were subsequently included in the A-File for Richard DÍAZ-García, A77 624 771. Your affiant found no evidence of any filings for permission to reapply for admission to reenter the United States after having been removed in either of the files.

WHEREFORE, your affiant avers there is probable cause to believe that Richard DÍAZ-García, also known as Richard D. GARCÍA and Jorge DÍAZ, a citizen and national of the Dominican Republic, was previously removed by INS to the Dominican Republic on February 24, 2000, December 04, 2002 and May 03, 2004, and that, prior to his reembarkation at a place outside the United States, neither the United States Attorney General nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, 1326(a).

William O. Horn
Special Agent
U.S. Immigration & Customs Enforcement